# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60012
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 24, 2017

Lyle W. Cayce
Clerk

SHUN CHEN,

Petitioner,

versus

JEFFERSON B. SESSIONS, III, U.S. Attorney General,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 878 466

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Shun Chen, a native and citizen of the People's Republic of China,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal of a decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), and ordering his removal.  Chen maintains that his asylum application was timely filed and that the adverse credibility determination is not supported by substantial evidence.

We lack jurisdiction to review the BIA's determination that Chen's asylum application was untimely, because that determination was based solely on findings of fact, and Chen raises no constitutional or legal challenge to that determination.  *See Zhu v. Gonzales*, 493 F.3d 588, 594–95 (5th Cir. 2007).  We do, however, retain jurisdiction to review Chen's challenge to the denial of withholding of removal and relief under the CAT based on the adverse credibility finding.

An IJ's credibility decision is entitled to deference "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009).  Even if there could be reasonable explanations for some of the discrepancies noted by the IJ, it is not plain, in light of the record as a whole, that no reasonable factfinder could make an adverse credibility ruling.  *See id.* As the BIA concluded, the IJ's adverse credibility determination was based on numerous inconsistencies and Chen's demeanor and was supported "by specific and cogent reasons."  *See id.* at 537 (internal quotation marks and citation omitted).

Accordingly, the petition for review of the denial of asylum is DISMISSED for want of jurisdiction.  The petition for review of the denial of withholding of removal and protection under the CAT is DENIED.